OTIS W. CRISS, APPELLANT, V. LESLIE BARIGHT ET AL., APPELLEES.

FILED DECEMBER 1, 1921. No. 21793.

Evidence examined, and found insufficient to sustain a verdict against defendants Hixenbaugh, and *held* that the trial court was right in dismissing them from the case.

APPEAL from the district court for Douglas county: CHARLES LESLIE, JUDGE. *Affirmed.*

*John O. Yeiser* and *J. B. Randolph,* for appellant.

*Carl E. Herring* and *J. R. Dykes, contra.*

Heard before MORRISSEY, C. J., ROSE, ALDRICH and FLANSBURG, JJ., BUTTON and COLBY, District Judges.

BUTTON, District Judge.

On November 1, 1919, Frank Hixenbaugh was driving a black Ford automobile on Twenty-fourth street, Omaha, Nebraska, and was going south. When a short distance from Sprague street he noticed a small boy start to run across the street in front of him. Hixenbaugh was slowing down at the time, as he was about to turn west on Sprague street. His car did not strike the boy; but another automobile, painted red, was passing him just as the boy ran in front of his car, and the red car did strike and injure the boy. The plaintiff is the father of this boy, and claims the boy was injured by the concurrent negligence of the two automobile drivers. Plaintiff claims the two cars were racing, and as a direct result of the concurrent negligence of both drivers the boy was injured, and this action is for the damages flowing therefrom. Leslie Baright drove the red car, and the car was owned by Irving Baright; and Walter A. Hixenbaugh and W. A. Hixenbaugh & Company owned the black car, and the car was used in the company's business and was so engaged on the day of the accident. All were made parties defendants in the lower court. There is but one allegation of negligence in the petition. The petition alleges that the proximate cause of the boy's injuries was the concurrent negligence of the two drivers of the automobiles in racing together and while running at a high rate of speed. This allegation is put in issue by the several answers. After plaintiff rested his case, the court dismissed all of the Hixenbaughs from the case, for the reason the evidence was insufficient, in the mind of the trial court, to show any negligence on the part of the driver of the black automobile. Thereupon the action proceeded against Leslie Baright, but was later dismissed by plaintiff without prejudice to a future action. The

case is here on appeal from the judgment dismissing the Hixenbaughs and a reversal of the judgment is sought.

The specific question in this action is: Is there sufficient competent evidence that defendants were operating their cars in competition, or engaged in a contest of speed, to require submission of the case to a jury? Plaintiff complains because the court struck out statements of certain witnesses that the drivers of the two cars were racing. These statements were mere conclusions. But suppose we consider them. We must examine the facts all the witnesses relate to ascertain whether or not these conclusions are justified. The evidence is very unsatisfactory and inconsistent. It is surely insufficient to go to a jury. It not only fails to show any racing or contest of speed between the drivers, but rather seems to establish the contrary. There is no proof Frank Hixenbaugh ever knew the red car was trying to pass him, until a few feet before the accident, when he looked out of the side of his car and saw the red one pass him. At the same time he saw the boy running across the street and already he was slowing down preparatory to turning into Sprague street. The boy ran into the red car and Hixenbaugh saw the accident. He says the boy looked neither to the right nor the left. This agrees with the boy's statement that he did not see either automobile approaching before he was struck. Hence, the boy was not confused by the presence of the two automobiles.

Witness Condon says the cars were less than 100 feet away when the boy started across the street. He thinks the red car was going 30 miles and the black one 25 miles an hour. He says the black car was on the right side of the street where it belonged and the red one passed on the left of the black one. Witness Farrell says the red car passd the black one before the collision. This is undoubtedly correct, for the black car was slowing down to turn into Sprague street. Witness Bussaman says the red car was a half block behind the black one at the railroad crossing, a short distance from where the accident

occurred.  Witness Barentsen was riding in the red car, and says the red car was turned out, not to pass the black car, but to avoid hitting the boy, whom he and the driver saw running across the street.

There is no evidence of any race between the two cars. If the black car was moving faster than the laws permit, or faster than was consistent with the traffic then on the street, such negligence of itself does not create a liability. The black car did not collide with the boy.  There is no evidence that the negligence, if any, of Frank Hixenbaugh contributed in the slightest degree to the collision of the boy with the red car.  Indeed, it would seem that the accident would have occurred just the same if the black car had not been taken from the garage at all that day.

The judgment of the trial court is right, and is

AFFIRMED.